**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
**rwasserman@mayallaw.com**
**WILLIAM J. GORHAM (SBN: 151773)**
**wgorham@mayallaw.com**
**NICHOLAS J. SCARDIGLI (SBN: 249947)**
**nscardigli@mayallaw.com**
**VLADIMIR J. KOZINA (SBN: 284645)**
**vjkozina@mayallaw.com**
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

**Attorneys for Plaintiff Levetra Mills and the Putative Class**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEVETRA MILLS, an individual,** | **Case No.:** |
| **Plaintiff,** | **CLASS AND COLLECTIVE ACTION AND INDIVIDUAL COMPLAINT FOR** |
| **vs.** | |
| **ENCORE RESTAURANTS, LLC.; FIVE GUYS ENTERPRISES, LLC; ENCORE ENTERPRISES, INC.; ENCORE FGBF, LLC; ENCORE FGBF COLORADO, LLC; ENCORE FGBF OKLAHOMA, LLC; and DOES 1-100, inclusive,** | 1. **FAILURE TO PROPERLY CALCULATE AND PAY OVERTIME** <br> 2. **UNFAIR BUSINESS PRACTICES** <br> 3. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** <br> 4. **FAILURE TO PAY ALL WAGES AT CESSATION OF EMPLOYMENT** <br> 5. **HARASSMENT** |
| **Defendants.** | **JURY TRIAL DEMANDED** |

Plaintiff Levetra Mills brings this class and collective action against Encore FGBF, LLC Encore Restaurants, LLC and Does 1 through 100, for violations of the Fair Labor Standards Act, the California Labor Code, and the Business and Professions Code. Separately, Mills brings individual claims the California Labor Code and California Fair Employment and Housing Act.

## PARTIES

1.      Levetra Mills ("Mills" or "Plaintiff") at all times relevant herein was employed in San Joaquin County, California, and was an "employee" as defined by the Fair Labor Standards Act ("FLSA"), California Labor Code, the applicable California Industrial Wage Commission ("IWC") Order(s), and the Fair Employment and Housing Act ("FEHA").

2.      Encore Restaurants, LLC ("Encore Restaurants") is a Delaware corporation doing business in California and an "employer" as defined by the FLSA, the California Labor Code, the applicable IWC Order(s), and the FEHA.

3.      At all relevant times herein, Encore Restaurants has been a limited liability corporation that owns and operates restaurants, including Five Guys Burgers and Fries franchises, throughout the United States as a franchisee of Five Guys Enterprices, LLC ("Five Guys Enterprices").

4.      Encore Enterprises, Inc. ("Encore Enterprises") is a Delaware corporation doing business in California and an "employer" as defined by the FLSA, the California Labor Code, the applicable IWC Order(s), and the FEHA.

5.      At all relevant times herein, Encore Enterprises has been a corporation that owns and operates develops and acquires real estate, hotels, shopping centers, office buildings, restautants, and residential subdivisions throughout the United States.

6.      Encore Restaurants is a subsidiary of Encore Enterprices.

7.      Encore FGBF, LLC ("Encore FGBF") is a Delaware corporation doing business in California and an "employer" as defined by the FLSA, the California Labor Code, the applicable IWC Order(s), and the FEHA.

8.      Encore FGBF Colorado, LLC (Encore FGBF Colorado") is a Colorado corporation doing business in Colorado and an "employer" as defined by the FLSA, the Colorado Wage Act, and the applicable Wage Order(s).

/ / /

/ / /

9.     Encore FGBF Oaklahoma, LLC ("Encore FGBF Oaklahoma") is a Oaklahoma corporation doing business in Oaklahoma and an "employer" as defined by the FLSA, the Oaklahoma Minimum Wage Act.

10.     At all relevant times herein, Defendants Encore Restaurants, Encore Enterprises, Encore FGBF, Encore FGBF Colorado, and Encore FGBF Oaklahoma have been joint employers with each other Defendant.

11.     Encore Restaurants and Encore Enterprises promulgated policies, practices, and procedures that governed the day-to day operations of Encore FGBF, Encore FGBF Colorado, and Encore FGBF Oaklahoma.

12.     Encore Restaurants and Encore Enterprises provided human resources, payroll and logistical support to Encore FGBF, Encore FGBF Colorado, and Encore FGBF Oaklahoma.

13.     At all relevant times herein, Encore FGBF, Encore FBBF Colorado, and Encore FGBF Oaklahoma have been a subsidiary of Encore Restaurants and Encore Enterprices, and Encore Restaurants and Encore Enterprices ratified, participated in, and/or imposed the violations attributable to and/or occurring at Encore FGBF, Encore FBBF Colorado, and Encore FGBF Oaklahoma's locations, including where Plaintiff worked in San Joaquin County, as alleged in this action.

14.     Encore Restaurants, Encore Enterprices, Encore FGBF, Encore FBBF Colorado, Encore FGBF Oaklahoma, and Does 1 through 100 are collectively referred to as Defendants.

15.     Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

16.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

17.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in San Joaquin County, California and Plaintiff's place of employment with Defendants was within this District.  Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

18.     Mills was hired by Defendants in or around March 2017 to work at their Five Guys Burgers and Fries location in Stockton, California.

19.     Certain documents provided to Mills identified her employer as Encore Restaurants, LLC.  See **Exhibits 1** and **2**.[1]

20.     Still other documents suggested her employer was Encore Enterprises, Inc.  See **Exhibit 3**.

21.     Mills wage statements, however, identified her employer as Encore FGBF, LLC.  See **Exhibit 4**.

22.     Throughout her employment, Mills was employed as an hourly, non-exempt employee. As such, Mills was eligible for and at times worked overtime.

---

[1] Exhibits 1 – 7 are incorporated by this reference as though fully set forth herein.  Some Exhibits have been reduced and/or redacted due to their size and content.

Class and Collective Action and Individual Complaint
Page 4 of 19

23.    Mills and Defendants' other hourly, non-exempt employees were eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation.

24.    For example, Mills and Defendants' other hourly, non-exempt employees were eligible for and at times earned non-discretionary bonuses as part of Five Guys Enterprises' Secret Shopper Program.[2]

25.    Throughout her employment however, Defendants failed to properly calculate and pay the overtime wages owed to Mills and their other hourly, non-exempt employees.

26.    Specifically, Defendants failed to include commissions, non-discretionary bonuses and other items of compensation when determining Mills' and their other employees' regular rate of pay for purposes of overtime.

27.    For example, during the pay period of June 12, 2017 through June 25, 2017, Mills earned a non-discretionary "BONUS" of $40.00.  **Exhibit 4**.

28.    Pursuant to their uniform policy and practice, Defendants failed to include Mills' bonus when calculating her regular rate of pay and underpaid her.  ***Id***.

29.    Similarly, during the pay period of July 10, 2017 through July 23, 2017, Mills earned a non-discretionary "BONUS" of $66.66.  **Exhibit 5**.

30.    Pursuant to their uniform policy and practice, Defendants failed to include Mills' bonus when calculating her regular rate of pay and underpaid her.  ***Id***.

31.    Further, during the pay period of February 1, 2018 through February 28, 2018, Mills earned another non-discretionary "BONUS" of $132.00.  *See* **Exhibit 6**.

32.    Pursuant to their uniform policy and practice, Defendants failed to include Mills' bonus when calculating her regular rate of pay and underpaid her yet again.  ***Id***.

/ / /

/ / /

---

[2] Five Guys Enterprises has created an Operations Manual to assist its franchisees in running their franchise.  The Operations Manual provides information and guidance on a number of topics including, but not limited to, kitchen operations, food safety and sanitation guidelines, new store opening, marketing, and financials.

33.     As a result of Defendants' failure to include commissions, non-discretionary bonuses and other items of compensation when determining their employees' regular rate of pay for purposes of overtime, Mills and Defendants' other hourly, non-exempt employees who worked overtime and received non-discretionary bonuses, commissions, and/or other items of compensation aside from their base hourly rate, were not adequately paid for all of the overtime they worked.

34.     Defendants failed to include commissions, non-discretionary bonuses and other items of compensation when determining their employees' regular rate of pay for purposes of overtime.

35.     Defendants were at all times aware of the requirement to factor these non-discretionary bonuses into their employees' overtime rates of pay.

36.     The Operations Manual provided to Defendants by Five Guys Enterprises contains an explicit instruction that Secret Shopper bonuses must be factored into employees' "regular rate" for purposes of overtime compensation.  See **Exhibit 7**.

37.     When her employment ended, Defendants did not include the balance of Mills' unpaid overtime, adjusting for the regular rate miscalculation, in her final check.  The same is true for Defendants' other former hourly, non-exempt employees.

38.     Because of the violations set forth above, and as evidenced in the samples of Mills' wage statements attached hereto as **Exhibits 4 - 6,** the wage statements furnished by Defendants to Mills violated California Labor Code sections 226(a) insofar as they failed to accurately show:

      a.     The gross wages earned, in violation of section 226(a)(1);
      b.     The net wages earned, in violation of section 226(a)(5); and
      c.     All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

39.     Defendants were, at all times relevant herein, aware of the requirements of California Labor Code section 226.

40.     Defendants have, at all times relevant herein, furnished wage statements to each of their California employees pursuant to an established set of policies, procedures and practices.

/ / /

41.     From at least four years prior to the filing of this action, Defendants have adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to pay overtime at the appropriate rate.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff seeks to maintain her first cause of action as an "opt-in" collective action pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime are similarly situated in that Defendants failed to properly calculate their "regular rate of pay", and to pay their overtime accordingly.  Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as her own in bringing this action.  These similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff seeks to maintain this action as a class action as to the First through Fourth Causes of Action.  Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative class which Plaintiff seeks to represent consists of the following:

> All current and former hourly, non-exempt employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from June 4, 2015 through the date of certification (the "Regular Rate Class").

/ / /

/ / /

Plaintiff also seeks to represent the following subclasses:

> All current and former hourly, non-exempt California employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from June 4, 2014 through the date of certification (the "California Regular Rate Class").

The Regular Rate Class and California Regular Rate Class are collectively referred to as the Class.

44. The Class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1,000 employees who satisfy the class definition. Although the exact number and identity of Class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

45. This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

46. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants' (a) uniform miscalculation of the regular rate of pay of its hourly, non-exempt employees as well as the underpayments that flow therefrom.

47. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

    a. Whether Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation when determining their hourly, non-exempt employees' "regular rate of pay" for purposes of overtime;

    b. Whether Defendants underpaid their hourly, non-exempt employees because they failed to include commissions, non-discretionary bonuses and/or other items of

compensation when determining their hourly, non-exempt employees' "regular rate of pay" for purposes of overtime;

c.  Whether Defendants miscalculated the "regular rate of pay" of their hourly, non-exempt employees;

d.  Whether Defendants underpaid their hourly, non-exempt employees because of the miscalculation of their "regular rate of pay";

e.  Whether Defendants' failure to include commissions, non-discretionary bonuses and/or other items of compensation when determining their hourly, non-exempt employees' "regular rate of pay" for purposes of overtime was willful within the meaning of the FLSA;

f.  Whether Defendants' failure to include commissions, non-discretionary bonuses and/or other items of compensation when determining their hourly, non-exempt employees' "regular rate of pay" for purposes of overtime was due to a reasonable, good faith belief that they were complying with the FLSA;

g.  Whether the alleged violations constitute unfair business practices;

h.  Whether the Class is entitled to injunctive relief; and

i.  Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

48.     Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

49.     The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

/ / /

/ / /

Class and Collective Action and Individual Complaint
Page 9 of 19

50.    Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

51.    A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

52.    Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the burden on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

53.    Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

/ / /

/ / /

# FEHA ALLEGATIONS

54.    During the course of her employment with Respondent, Mills' General Manager, Joanna Contreras ("Contreras"), made numerous offensive and racially charged comments towards her.  These comments included, but were not limited to, the following:

    a.    Calling Mills "Ghetto";

    b.    While preparing ingredients, Contreras asked Mills for green peppers.  When Mills asked for clarification because she had not heard correctly, Contreras rudely stated "I asked for green peppers, but all you probably heard was greens";

    c.    While working and Toto's song, Africa, came on over the PA system, Contreras told Mills that "Your song is on."  When Mills asked why it was her song, Contreras responded "Because it has the word Africa in it.";

    d.    When Mills inquired about a song that Contreras was playing in the back, she stated "Just because it is not Marvin Gaye or Toto doesn't mean it's not good music";

    e.    While in a managers' meeting, referencing "Buckwheat" while talking about Mills;

    f.    Telling Mills that she was the only Black employee and that she did not consider another employee to be Black because she was going to college and is articulate; and

    g.    While discussing job applicants:  "I can tell if someone is Black just by their first name" and "If these people had better names, they might get an interview or a job".  Then, the next day, texting a picture of part of the job application of an obviously Black candidate with the comment "When is it going to end. Lol".

55.    In addition to these offensive comments, Contreras would frequently blame Mills for mistakes made by herself and others.  Contreras also often talked down to Mills and treated her as though she was inferior.

56.    Althouh Mills was very offended by Contreras' comments and actions, she did not complaint for fear of retaliation.

57.     In February 2018, Mills was suspended for a violation of company policy.  When Mills pressed Contreras regarding when she could return to work, she was informed that she had in fact been terminated.

58.     On May 14, 2018, Mills filed a complaint against Defendants with the California Department of Fair Employment and Housing ("DFEH").  Mills was issued a right-to-sue letter the same day.  A copy of Mills' complaint and right-to-sue letter was subsequently served on Defendants.

**FIRST CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**CALIFORNIA LABOR CODE §§ 510 & 1198**
**(Failure to Properly Calculate and Pay Overtime)**
**Against Defendants and Does 1-100**

59.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

60.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

61.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

62.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

63.    The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

64.    During the relevant time period, Plaintiff and Defendants' other hourly, non-exempt employees worked overtime.

65.    During the relevant time period, Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation when determining the "regular rate of pay" for Plaintiff and their other hourly, non-exempt employees.

66.    During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" for Plaintiff and their other hourly, non-exempt employees.

67.    During the relevant time period, Defendants intentionally and willfully failed to pay the proper overtime wages due to Plaintiff and their other hourly, non-exempt employees.

68.    During the relevant time period, Defendants did not act in good faith and lacked reasonable grounds to believe that their policies, practices and procedures were in compliance with the FLSA.

69.    Wherefore, Plaintiff, the other members of the Class, have been injured as set forth above and request relief as hereafter provided

## SECOND CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.*
### (Unfair Business Practices)
### Against Defendants and Does 1-100

70.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

71.    The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and

include, but are not limited to failing to pay their hourly, non-exempt employees overtime at the appropriate rates.

72.    Wherefore, Plaintiff, the other members of the Class, have been injured as set forth above and request relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants and Does 1-100**

73.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

74.    Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

75.    An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate

penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

76.    An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

77.    As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

78.    Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due and Owing Upon Cessation of Employement)**
**Against Defendants and Does 1-100**

79.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

80.    California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

81.     California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

82.     Wherefore, Plaintiff has been injured as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940(j)**
**(Harassment)**
**Against Defendants and Does 1-100**

83.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

84.     The Fair Employment and Housing Act ("FEHA") explicitly prohibits any employer or any other person from harassing an employee because of sex/gender.  Gov. Code § 12940(j).  The FEHA provides that an employer is strictly liable for harassment by supervisors, even if it exercised reasonable care to prevent harassment.  The FEHA also provides that harassment by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisor, knows or should have known of the conduct and fails to take immediate and appropriate corrective action.  *Id*. Furthermore, an employee of an entity is also personally liable for any prohibited harassment that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate corrective action.  Gov. Code § 12940(j)(3).

85.     Defendants were at all times relevant herein Plaintiff's employer pursuant to Government Code sections 12926(d) and 12940(j)(4) and was therefore barred from harassing their employees in violation of Government Code section 12940(j).

86.     Nevertheless, as set forth above, Defendants harassed Plaintiff in violation of Government Code section 12940(j).

87.     Defendants' conduct, as set forth above, created an abusive and hostile working environment.  Defendants harassed Plaintiff and/or failed to take immediate and appropriate corrective action.  The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile or abusive work environment.

88.     The acts taken toward Plaintiff were carried out in an oppressive, fraudulent and malicious manner in order to injure or damage Plaintiff, thereby justifying an award to her of punitive damages.

89.     Wherefore, Plaintiff has been harmed as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First and Second Causes of Action:**

1.     That this Court certify the Class;

2.     That this Court certify Plaintiff as the representative of the Class;

3.     That this Court award actual, compensatory, special and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

4.     That this Court awardpenalties and liquidated damages including, but not limited to, those available under 29 U.S. C. § 216(b) to Plaintiff and the members of the Class;

5.     That this Court award injunctive relief, including that available under Business and Professions Code § 17203;

6.     That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b),  Labor Code §§ 218.5 and 1194, as well as Code of Civil Procedure § 1021.5;

7.     That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

8.     That this Court award such other and further relief as the court deems just and proper.

**As to the Third and Fourth Causes of Action:**

1. That this Court award actual, compensatory, special and general damages as well as restitutionary relief to Plaintiff;

2. That this Court award penalties including, but not limited to, those available under Labor Code §§ 203 and 226(e) to Plaintiff;

3. That this Court award injunctive relief, including that available under Labor Code § 226(h);

4. That this Court award statutory attorneys' fees and costs, including those available under Labor Code §§ 218.5, 226(e)(1) and 226(h), and 1194, as well as Code of Civil Procedure § 1021.5;

5. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

6. That this Court award such other and further relief as the court deems just and proper.

**As to the Fifth Cause of Action:**

1. Economic (special) and non-economic (general) damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court;

2. For injunctive relief pursuant to Government Code § 19265(c);

3. For punitive and/or exemplary damages;

4. For statutory attorneys' fees and costs, including those available under Government Code § 12965(b) and Code of Civil Procedure § 1021.5;

5. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code §§ 3287(a) and 3289(b); and

6. For such other and further relief as the Court deems just and proper.

1

**DATED:** June 4, 2018                                    **MAYALL HURLEY P.C.**

2

By _____/s / Robert J. Wasserman_____

3

ROBERT J. WASSERMAN

WILLIAM J. GORHAM

4

NICHOLAS J. SCARDIGLI

VLADIMIR J. KOZINA

5

Attorneys for Plaintiff and the Putative Class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

# NOTICE TO EMPLOYEE
## Labor Code section 2810.5

### EMPLOYEE

Employee Name: Levettra Mills

Start Date: 3/13/17

### EMPLOYER

Legal Name of Hiring Employer: ___Encore Restaurants LLC___

Is hiring employer a staffing agency/business (e.g., Temporary Services Agency; Employee Leasing Company; or Professional Employer Organization [PEO])?  □ Yes    ☒ No

Other Names Hiring Employer is "doing business as" (if applicable):

Five Guys Burgers and Fries

Physical Address of Hiring Employer's Main Office:

5005 LBJ Freeway, Suite 1200, Dallas, Texas, 75244

Hiring Employer's Mailing Address (if different than above):


Hiring Employer's Telephone Number: __(214) 259-7000___

If the hiring employer is a staffing agency/business (above box checked "Yes"), the following is the other entity for whom this employee will perform work:

Name: _____

Physical Address of Main Office: _____

Mailing Address: _____

Telephone Number: _____

### WAGE INFORMATION

Rate(s) of Pay: __10.50_____   Overtime Rate(s) of Pay: _____

Rate by (check box):   ☒ Hour    □ Shift    □ Day    □ Week    □ Salary    □ Piece rate    □ Commission

□ Other (provide specifics): _____

Does a written agreement exist providing the rate(s) of pay?   (check box)   □ Yes    ☒ No

If yes, are all rate(s) of pay and bases thereof contained in that written agreement?   □ Yes    □ No

Allowances, if any, claimed as part of minimum wage (including meal or lodging allowances):


(If the employee has signed the acknowledgment of receipt below, it does not constitute a "voluntary written agreement" as required under the law between the employer and employee in order to credit any meals or lodging against the minimum wage. Any such voluntary written agreement must be evidenced by a separate document.)

Regular Payday: __Bi-Weekly, Friday___

DLSE-NTE (rev 11/2014)

# Exhibit 2



## Meal Period Waiver

Levetra M. Mills

*Full Name*

Five Guys 1172

*Store Name and Number*

As an employee of Encore Restaurants LLC, I understand that I must follow all Company policies, including those regarding meal periods. I understand that I am entitled to an unpaid and unrestricted meal period of no less than 30 minutes on any day that I work more than 5 hours but no more than 6 hours. I would prefer not to have an unpaid meal period on a day that I work no more than 6 hours. I hereby waive my right to a meal period for each day that I work 6 hours or fewer.

I understand that I may revoke this meal period waiver in writing at any time and that my employer will not retaliate against me for exercising my right to a meal period.

I have read, understood, and agreed to this waiver.

*Employee Name (Printed):* Levetra M. Mills

*Employee Signature:* Levetra M. Mills    *Date* 3/13/2017

# Exhibit 3

**Shelley Walker**

| | |
|---|---|
| **To:** | All Employees |
| **Subject:** | Direct Deposit.... |
| **Attachments:** | Pay Card Best Uses.pdf; New Pay Card.pdf |

**Importance:**    High

Dear Employee –

Encore has implemented a paperless system for paying our employees.  Therefore, please go to www.exponenthr.com and add your banking information to your employee profile.

If you do not currently have a bank account, the company has partnered with SOLE Visa Paycards to provide you with no cost direct deposit solution.

SOLE Visa Paycards are accepted anywhere that Visa is accepted and to comply with Federal regulations as associates may withdraw all of their paycheck off of their card at no cost.

Attached, please find some literature for your review.

Remember, the best option will be for you to enter your bank account and sign up for direct deposit through Exponent.  However, if you do not do this, then you will be automatically be enrolled on a Sole Visa Paycard.

The paycard will be overnighted to your work location and will be available for your immediate use.

Please review and let me know if there are any questions or concerns that need to addressed.

Thank for your help with implementing this paperless solution!

**Shelley Walker**
**HR & Payroll Manager**
**Encore Enterprises, Inc.**
**5005 LBJ Freeway, Suite 1200**
**Dallas, TX 75244**
**214-259-7000 Office**
**214-259-2483 Direct**
**www.encore.bz**

ENCORE ENTERPRISES

# Exhibit 4

05222 | **ENCORE FGBF, LLC**
5005 LBJ FREEWAY, SUITE 1200, DALLAS, TX 75244

Check No: 02604096

| ID# C05810 | Name LEVETRA MILLS | SSN | Period Start 06/12/2017 |
| --- | --- | --- | --- |
| Pay Date 06/30/2017 | Department 03 | Location 736-STO | Federal Allowances S-2 | Pay Method HOURLY | Period End 06/25/2017 |

**EARNINGS:**

| Description | Rate | Hours | Amount | Year-to-Date |
| --- | --- | --- | --- | --- |
| REGULAR | 10.5000 | 72.6667 | $ 763.00 | $ 4,614.39 |
| OVERTIME | 15.7500 | 0.1333 | $ 2.10 | $ 18.64 |
| BONUS | | | $ 40.00 | $ 513.30 |
| **Total Earnings:** | | 72.8000 | $ 805.10 | $ 5,146.33 |

**TAXES:**

| Description | Amount | Year-to-Date |
| --- | --- | --- |
| FEDERAL W/H | $ 42.83 | $ 240.91 |
| SOCIAL SEC | $ 49.91 | $ 319.07 |
| MEDICARE | $ 11.67 | $ 74.62 |
| CA SDI | $ 7.25 | $ 46.31 |
| **Total Taxes:** | $ 111.66 | $ 680.91 |

**DEDUCTIONS:**

| Description | Amount | Year-to-Date |
| --- | --- | --- |
| TAX LEVY | $ 46.15 | $ 382.41 |
| **Total Deductions:** | $ 46.15 | $ 382.41 |

| | Net Pay: | $ 647.29 |
| --- | --- | --- |
| | Net Pay Year-to-Date: | $ 4,083.01 |

**PAID LEAVE**

| Plan Name | Available | Taken |
| --- | --- | --- |
| CA SICK PA | 24.00 | 0.00 |

**CONTRIBUTIONS**

| Description | Amount | Year-to-Date |
| --- | --- | --- |

**DIRECT DEPOSIT**

| Account Type | Account ID | Amount |
| --- | --- | --- |

©Exponent^HR by Exponent Technologies

---

**ENCORE FGBF, LLC**
5005 LBJ FREEWAY, SUITE 1200
DALLAS, TX 75244

Comerica Bank - Texas
Dallas, TX 75225

Date: 06/30/2017

02604096
32-75/1110

Amount:

| Pay to the order of: | LEVETRA MILLS | $ *****647.29 |

SIX HUNDRED FORTY-SEVEN DOLLARS & 29 CENTS

U.S. Dollars

C05810
LEVETRA MILLS



NON-NEGOTIABLE

# Exhibit 5

05222 | **ENCORE FGBF, LLC**
5005 LBJ FREEWAY, SUITE 1200, DALLAS, TX 75244

Check No: 02632957

| ID# C05810 | Name LEVETRA MILLS | | SSN | Period Start 07/10/2017 |
| Pay Date 07/28/2017 | Department 03 | Location 736-STO | Federal Allowances S-2 | Pay Method HOURLY | Period End 07/23/2017 |

**EARNINGS:**

| Description | Rate | Hours | Amount | Year-to-Date |
|---|---|---|---|---|
| REGULAR | 10.5000 | 63.6667 | $ 668.50 | $ 6,011.41 |
| OVERTIME | 15.7500 | 0.2333 | $ 3.67 | $ 22.31 |
| BONUS | | | $ 66.66 | $ 679.96 |
| **Total Earnings:** | | 63.9000 | $ 738.83 | $ 6,713.68 |

**TAXES:**

| Description | Amount | Year-to-Date |
|---|---|---|
| FEDERAL W/H | $ 33.88 | $ 321.14 |
| SOCIAL SEC | $ 45.81 | $ 416.25 |
| MEDICARE | $ 10.71 | $ 97.35 |
| CA SDI | $ 6.65 | $ 60.42 |
| **Total Taxes:** | $ 97.05 | $ 895.16 |

**DEDUCTIONS:**

| Description | Amount | Year-to-Date |
|---|---|---|
| TAX LEVY | $ 46.15 | $ 474.71 |
| **Total Deductions:** | $ 46.15 | $ 474.71 |

Net Pay: $ 595.63
Net Pay Year-to-Date: $ 5,343.81

**PAID LEAVE**

| Plan Name | Available | Taken |
|---|---|---|
| CA SICK PA | 24.00 | 0.00 |

**CONTRIBUTIONS**

| Description | Amount | Year-to-Date |
|---|---|---|

**DIRECT DEPOSIT**

| Account Type | Account ID | Amount |
|---|---|---|

ᵉExponentᴴᴿ by Exponent Technologies

---

**ENCORE FGBF, LLC**
5005 LBJ FREEWAY, SUITE 1200
DALLAS, TX 75244

Comerica Bank - Texas
Dallas, TX 75225

Date: 07/28/2017

02632957
32-75/1110

Amount: $ *****595.63

Pay to the order of: **LEVETRA MILLS**

FIVE HUNDRED NINETY-FIVE DOLLARS & 63 CENTS

U.S. Dollars

C05810
**LEVETRA MILLS**

NON-NEGOTIABLE



⑈02632957⑈ ⑆111000753⑆ 18010 28 100⑈

# Exhibit 6

05222 | **ENCORE FGBF, LLC**
5005 LBJ FREEWAY, SUITE 1200, DALLAS, TX 75244

Check No: 00002110

| ID# C05810 | Name LEVETRA MILLS | | SSN ▮▮▮▮▮ | Period Start 02/01/2018 |
|---|---|---|---|---|
| Pay Date 02/21/2018 | Department 03 | Location 736-STO | Federal Allowances S-2 | Pay Method HOURLY | Period End 02/28/2018 |

**EARNINGS:**

| Description | Rate | Hours | Amount | Year-to-Date |
|---|---|---|---|---|
| REGULAR | 11.7500 | 70.7800 | $ 831.66 | $ 3,400.74 |
| OVERTIME | 17.6250 | 7.4100 | $ 130.60 | $ 234.10 |
| BONUS | | | $ 132.00 | $ 132.00 |
| **Total Earnings:** | | 78.1900 | $ 1,094.26 | $ 3,766.84 |

**TAXES:**

| Description | Amount | Year-to-Date |
|---|---|---|
| FEDERAL W/H | $ 68.60 | $ 216.62 |
| SOCIAL SEC | $ 67.84 | $ 233.54 |
| MEDICARE | $ 15.87 | $ 54.62 |
| CA STATE W/H | $ 5.12 | $ 5.12 |
| CA SDI | $ 10.94 | $ 37.67 |
| **Total Taxes:** | $ 168.37 | $ 547.57 |

**DEDUCTIONS:**

| Description | Amount | Year-to-Date |
|---|---|---|
| TAX LEVY | $ 46.15 | $ 184.60 |
| **Total Deductions:** | $ 46.15 | $ 184.60 |

| Net Pay: | $ 879.74 |
|---|---|
| Net Pay Year-to-Date: | $ 3,034.67 |

**PAID LEAVE**

| Plan Name | Available | Taken |
|---|---|---|
| CA SICK PA | 24.00 | 0.00 |

**CONTRIBUTIONS**

| Description | Amount | Year-to-Date |
|---|---|---|
| | | |

**DIRECT DEPOSIT**

| Account Type | Account ID | Amount |
|---|---|---|
| | | |

ᶜExponent™ by Exponent Technologies

---

**ENCORE FGBF, LLC**
5005 LBJ FREEWAY, SUITE 1200
DALLAS, TX 75244

Wells Fargo Bank
Biloxi, MS 39530

Date: 02/21/2018

00002110
61-375/622

| Pay to the order of: | LEVETRA MILLS | Amount: | $ *****879.74 |
|---|---|---|---|

EIGHT HUNDRED SEVENTY-NINE DOLLARS & 74 CENTS

U.S. Dollars

C05810
LEVETRA MILLS

▮▮▮▮▮▮

NON-NEGOTIABLE



# Exhibit 7

# FIVE GUYS®

**Secret Shopper and OT Wage Rates:**

- Franchisees need to be aware of the potential impact of Secret Shopper bonuses on overtime wage rates. Pursuant to the Fair Labor Standards Act, non-discretionary bonuses to non-exempt employees must be factored into the "regular rate" for purposes of overtime calculation. An article from the Society for Human Resource Management (SHRM) discussing this issue is available here: http://www.shrm.org/hrdisciplines/compensation/articles/pages/nondiscretionary-bonuses-overtime.aspx . As with all matters pertaining to your adherence to federal, state and local laws that may impact your business, please make certain to discuss this issue with your legal counsel and/or HR professional.

REDACTED